UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LEE SCROGGINS,<br><br>                    Petitioner,<br><br>        v.<br><br>STEVE SMITH,<br><br>                    Respondent. | Case No. 1:24-cv-00519-JLT-CDB (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 2) |

Petitioner Geronimo Mejia ("Petitioner"), a state prisoner, proceeds *pro se* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1).  Pending before the Court is Petitioner's motion that the Court appoint counsel to represent him.  (Doc. 2).  In support of his motion, Petitioner advances the following grounds: (1) he lacks financial resources to retain an attorney; (2) he has no legal training; and (3) the legal issue brought in his petition is complex and involves an unusual fact pattern.  (Doc. 2 at 2-3).

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to

appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[1]

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this early stage of proceedings. Although Petitioner asserts that this case involves a complex legal issue and contains an unusual factual record, the Court notes that the types of trial court evidentiary rulings and related Confrontation Clause issues implicated in this case are not unusual in habeas proceedings. Furthermore, Petitioner has not shown any exceptional circumstances warrant the appointment of counsel at this stage. Petitioner's proffered difficulties with his lack of education and legal training are shared with many other habeas petitioners. Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is necessary or that failure to appoint counsel necessarily would implicate due process concerns.

Accordingly, it is HEREBY ORDERED, Petitioner's motion for appointment of counsel (Doc. 2) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: __May 17, 2024__                              _____
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Rules Governing §2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).