UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LEE SCROGGINS,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE SMITH,<br><br>    Respondent. | Case No. 1:24-cv-00519-JLT-CDB (HC)<br><br>ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 14) |

    Petitioner Randy Lee Scroggins ("Petitioner"), a state prisoner, proceeds pro se with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Pending before the Court is Petitioner's second motion for the Court to appoint counsel to represent him. (Doc. 14). In support of his motion, Petitioner advances the following grounds: (1) he lacks financial resources to retain an attorney; (2) he has no legal training; (3) the Court has ordered Respondent to respond to the petition and, thus, Petitioner must review the response to prepare his traverse; and (3) the legal issue brought in his petition and addressed in any response is complex and involves an unusual fact pattern. (Doc. 14 at 2-3).

    There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the

1    interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196
2    (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not entitled to
3    appointed counsel unless the circumstances of a particular case indicate that appointed counsel is
4    necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases*
5    *in the United States District Courts* require the Court to appoint counsel: (1) where discovery is
6    authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective
7    discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the
8    disposition of a petition. *See* Habeas Rules 6(a) and 8(c).

9    The Court finds Petitioner has not demonstrated that appointment of counsel is necessary
10   or warranted at this stage of proceedings. Although Petitioner asserts that this case involves a
11   complex legal issue and contains an unusual factual record, the Court notes that the types of trial
12   court evidentiary rulings and related Confrontation Clause issues implicated in this case are not
13   unusual in habeas proceedings. Furthermore, Petitioner has not shown any exceptional
14   circumstances warrant the appointment of counsel at this stage. Petitioner's proffered difficulties
15   with his lack of education and legal training are shared with many other habeas petitioners.
16   Therefore, at this stage, the circumstances of this case do not indicate that appointed counsel is
17   necessary or that failure to appoint counsel necessarily would implicate due process concerns.

18   Accordingly, it is HEREBY ORDERED that Petitioner's second motion for appointment of
19   counsel (Doc. 14) is DENIED WITHOUT PREJUDICE.

20   IT IS SO ORDERED.

21   Dated:   **August 25, 2025**

22                                                         UNITED STATES MAGISTRATE JUDGE

2